UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUERE JAMES DORAN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:24-cv-01520-JAR |
| DR. UNKNOWN GRAVES, | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Petitioner Jacquere James Doran's Motion to Appointment Counsel. ECF No. 5. For the reasons stated below, Petitioner's motion will be denied.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

In reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Petitioner has so far demonstrated that he can adequately present his claims to the Court. Additionally, neither the factual nor legal issues in this case appear

complex.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jacquere James Doran's Motion to Appoint Counsel is **DENIED without prejudice**.  ECF No. 5.  The clerk of court is directed to mail a copy of this Order to Petitioner's address of record.

Dated this 4th day of December, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE