UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACQUERE JAMES DORAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:24-cv-01520-JAR |
| DR. UNKNOWN GRAVES, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the United States of America's[1] motion to dismiss. ECF No. 7. On January 28, 2025, Petitioner Jacquere James Doran moved for an extension of time to respond to the motion (ECF No. 9), which the Court granted (ECF No. 10). Petitioner has not filed his response, and the time for him to do so has passed. This matter is therefore fully briefed and ripe for disposition. For the reasons set forth below, the motion will be granted, and the petition will be dismissed.

**Discussion**

On November 13, 2024, Petitioner filed his petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner pleaded guilty in April 2019 to one count of possessing a firearm as a convicted felon under 18 U.S.C. § 922(g)(1) and was sentenced on October 3, 2019. Petitioner specifically states that he is not challenging his conviction or sentence. ECF No. 1-2. Instead, Petitioner wants his criminal history score, and the records in the possession of the Bureau of

---

[1] The United States of America moves to dismiss the petition on behalf of the named Respondent, Dr. Graves.

Prisons related thereto, to reflect that some of his previous misdemeanor and felony convictions for marijuana possession in California have since been expunged and vacated.

Petitioner remains in the custody of the Bureau of Prisons and has been assigned to the legal confinement of the Residential Reentry Management field office in Sacramento, California, in the Eastern District of California.  Petitioner physically resides at a halfway house in San Francisco, California, which is located in the Northern District of California.  ECF No. 4.

The United States argues that Petitioner's petition should be dismissed because this Court lacks jurisdiction over the matter.  The Court agrees.

"Jurisdiction of a petition for a writ of habeas corpus under 28 U.S.C. § 2241 . . . lies either in the district of physical confinement or in the district in which a custodian against whom the petition is directed is present."  *Rheuark v. Wade*, 608 F.2d 304, 306 (8th Cir. 1979); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).  Because Petitioner is not confined within this district and the named Respondent is not present within this district, the Court lacks jurisdiction over this matter and will dismiss the case without further discussion of the merits.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's motion to dismiss is **GRANTED**, and Petitioner's petition under 28 U.S.C. § 2241 is **DISMISSED without prejudice** for lack of jurisdiction.

A separate Order of Dismissal shall accompany this Order.

Dated this 6th day of March, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE